Honorable Ronald B. Leighton
U.S. District Judge

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KRISTINE M. NEIDINGER, | NO.  C10-5702 RBL |
| Plaintiff, | |
| vs. | MOTION IN LIMINE |
| | Noted on Motion Docket:  09/14/2012 |
| COUNTY OF PIERCE; ELIZABETH WYATT EARP; RICHARD D. MALIDORE and LOIS K. MALIDORE and the marital community thereof; JAMES PATRICK WILLIAMS and REBEKAH JILL WILLIAMS and the marital community thereof; and JULIE McARTHUR and ALLEN McARTHUR and the marital community thereof, | |
| Defendants. | |

COMES NOW the Defendants COUNTY OF PIERCE; ELIZABETH WYATT

EARP; RICHARD D. MALIDORE and LOIS K. MALIDORE and the marital community

thereof; JAMES PATRICK WILLIAMS and REBEKAH JILL WILLIAMS and the marital

community thereof; and JULIE McARTHUR and ALLEN McARTHUR and the marital

community thereof, by and through their attorneys of record, Mark Lindquist, Pierce County

Prosecuting Attorney, and Michelle Luna-Green, Deputy Prosecuting Attorney, and moves

the Court for an Order in Limine on the topics set forth below.  This motion is to exclude any and all reference, testimony, or admission of evidence as outlined below.

### 1.     DISCIPLINE RECORDS AND PERSONNEL FILES

Defendants' personnel files contain investigations with largely unsubstantiated incidents which are not relevant to the facts of this case and should therefore be excluded per FRE 401, 402, 403, 404(b).

#### a.     <u>FRE 401 & 402</u>

Prior internal affair investigations have no relevance to whether or not the alleged excessive force occurred here.  FRE 401, 402, 802.  The Court should exclude any reference to prior internal affair investigations of any named Defendant in this matter.

#### b.     <u>FRE 403 & 404(b).</u>

This Court has discretion to exclude even relevant evidence where the probative value is substantially outweighed by the prejudicial effect.  FRE. § 403.  In *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417-1418 (9th Cir. 1986), the Ninth Circuit excluded a relevant internal police investigation because the report was more prejudicial than probative.  This Court should exclude any internal investigations contained in the Defendants' personnel files for similar reasons.  The Maddox Court was particularly concerned that the jury might infer the defendant was guilty of wrongdoing merely because the Department initiated an internal affairs administrative proceeding.  *See Maddox,* 792 F.2d at 1417-18.  Despite the fact that Sgt. Malidore has never had a substantiated complaint, there is a substantial risk that the jury might similarly misuse this information by giving "unfair or undue weight to this evidence, or [being] confused as to the relevance." *Id.*

MOTION IN LIMINE - 2
Neidinger MIL.docx
USDC WAWD No C10-5702 RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

Admitting into evidence other complaints of alleged misconduct contained in Defendants' personnel files can have no other effect than to attack their character and show they possess a propensity for committing bad acts.  This is precisely the use that FRE 404(b) prohibits.  Using these documents to show that a defendant is a "quarrelsome individual," or that a defendant "has a penchant to use more force than is reasonably necessary" violates Rule 404(b).  Martin A. Schwartz, *Section 1983 Litigation: Federal Evidence* § 2.06 (4th ed. 2011 Supp.).

### c.   **FRE 802**

Lastly, the officer-generated incident reports contain hearsay within hearsay and should be excluded.  FRE 802.  Plaintiff has not named any of the witnesses involved in the internal affairs investigations and therefore any accusations or statements taken during those investigations are inadmissible hearsay.

### 2.   **PLAINTIFF'S TESTIMONY REGARDING HER INJURIES**

Plaintiff has not named any medical doctors as witnesses in this matter.  Any opinions that Plaintiff was injured as a direct result of Defendants' alleged use of excessive force must be excluded as there is no causal connection.  Plaintiff is not a medical expert and may not offer any opinion(s) on causation.  FRE 701-702.

Plaintiff may only testify as to what she personally felt and/or observed during the alleged use of excessive force by the officers.  She may testify as to what her physical condition was before her arrest, however, she may not offer any opinions that as a result of the tasing or choking she:  vomited, urinated, she died, lost consciousness, suffered chronic and ongoing numbness, or any other medical condition.

MOTION IN LIMINE - 3
Neidinger MIL.docx
USDC WAWD No C10-5702 RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

**3.      LIMIT EXPERT TESTIMONY OF THOMAS BURWELL**

      **a.      <u>Testimony Should Be Limited to the Issue Before the Jury:</u>**
           **<u>Whether the Force Was Reasonable</u>**

Plaintiff's expert, Thomas Burwell, is expected to present use of force testimony for

Ms. Neidinger and render an opinion that the use of force in this case was unreasonable.

Pontification or opinions outside the issue of whether the force was reasonable is irrelevant,

unduly prejudicial, and not helpful to the trier of fact.  FRE 401, 402, 702.  The expert should

not be allowed to testify to his other beliefs regarding the use of force including, but not

limited to:

    (a)      "[That] [t]o administer this type of force for no good reason (this type
          of pain) is considered Torture.
    (b)      "[It] is shocking to the conscious."
    (c)      That the use of force in this case was criminal conduct amounting to
          assault or battery.

The Defendants seek exclusion of any of the above phrases or conclusions that fall

outside whether the use of force was reasonable.

      **b.      <u>Testimony Regarding County Policy or Lack Thereof is Irrelevant</u>**

Plaintiff's expert may try to testify to whether Pierce County had a policy or procedure in

place to monitor the use of tasers, but such testimony is irrelevant.  FRE 401, 402; *See Also*

*Argument Infra* §4.

**4.      INTERNAL POLICIES DO NOT CREATE DUTIES**

The County is no longer a named party in this matter.  Dkt. 48 – Second Amended

Complaint.  Therefore, any evidence regarding County liability under *Monell,*[1] including

policy and training, is irrelevant.  FRE 401, 402.  Further, the Supreme Court has rejected that

compliance or noncompliance with a local policy or practice material to the question of

---

[1] *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978).

whether a single act violated individual's constitutional rights when examining qualified

immunity:

> Moreover, police enforcement practices even if they could be practicably
> assessed by judge, vary from place to place and time to time.  We cannot
> accept that this search and seizure protections of the Fourth Amendment are so
> variable and can be made to turn upon such trivialities.

*Whren v. United States,* 517 U.S. 806, 815.

The Plaintiff should not be allowed to suggest in any manner that policies create a

legal duty or that any inconsistency with policies establish a constitutional violation.

**5.    NO REFERENCE TO INSURANCE OR INDEMNIFICATION UNDER
PIERCE COUNTY CODE**

Any mention of insurance, insurance coverage, insurance policy limits, or indemnification

is excludable under FRE 411.  Plaintiff should not seek to offer any testimony or evidence

regarding insurance or indemnification of the individual Defendants under the Pierce County

Code.

DATED this 27th day of August, 2012.

<div style="margin-left: 50%;">

MARK LINDQUIST
Prosecuting Attorney

<u>s/ MICHELLE LUNA-GREEN</u>
MICHELLE LUNA-GREEN
State Bar Number 27088
Pierce County Prosecutor / Civil
955 Tacoma Avenue South, Suite 301
Tacoma, WA  98402-2160
Ph: 253-798-6380 / Fax: 253-798-6713
E-mail:  mluna@co.pierce.wa.us

</div>

MOTION IN LIMINE - 5
Neidinger MIL.docx
USDC WAWD No C10-5702 RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

1

2

### CERTIFICATE OF SERVICE

On August 27, 2012, I hereby certify that I electronically filed the foregoing
MOTIONS IN LIMINE with the Clerk of the Court using the CM/ECF system which will
send notification of such filing to the following:

3

4

5

- **Christopher Taylor:**  taylor@ftlawps.com

6

7

8

9

10

s/ CHRISTINA M. SMITH
CHRISTINA M. SMITH
Legal Assistant
Pierce County Prosecutor's Office
Civil Division, Suite 301
955 Tacoma Avenue South
Tacoma, WA 98402-2160
Ph:  253-798-7732 / Fax:  253-798-6713

11

12

### CERTIFICATE OF COMPLIANCE WITH LCR 7(d)(4)

13

I hereby certify that I have conferred with opposing counsel as to the foregoing

14

Motions in Limine.

15

CERTIFIED this 27th day of August, 2012.

16

17

MARK LINDQUIST
Prosecuting Attorney

18

19

20

21

s/ MICHELLE LUNA-GREEN
MICHELLE LUNA-GREEN
State Bar Number 27088
Pierce County Prosecutor / Civil
955 Tacoma Avenue South, Suite 301
Tacoma, WA  98402-2160
Ph: 253-798-6380 / Fax: 253-798-6713
E-mail:  mluna@co.pierce.wa.us

22

23

24

25

MOTION IN LIMINE - 6
Neidinger MIL.docx
USDC WAWD No C10-5702 RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713