Hon. Ronald B. Leighton

1

2

3

4

5               IN THE UNITED STATES DISTRICT COURT

6           FOR THE WESTERN DISTRICT OF WASHINGTON

7
KRISTINE M. NEIDINGER,                 ) NO. C10-5702-RBL
8                                       )
        Plaintiff,                      ) [PROPOSED] JOINT
9                                       ) JURY INSTRUCTIONS and
v.                                      ) VERDICT FORM
10                                      )
ELIZABETH WYATT EARP; RICHARD          )
11  D. MALIDORE and LOIS K. MALIDORE    )
    and the marital community thereof; and )
12  JAMES PATRICK WILLIAMS and          )
    REBEKAH J. WILLIAMS and the marital )
13  community thereof,                  )
                                        )
14      Defendants.                     )
15                                      )
_____
16
        DATED this 7th day of September, 2012.
17

18

19                                 /s/ Christopher Taylor
                                  Christopher Taylor, WSBA # 38413
20                                Attorney for Plaintiff

21
                                   /s/ Michelle Luna-Green
22                                Michelle Luna-Green, WSBA # 27088
                                  Attorney for Defendants
23

24

25

26
                                       FT Law, P.S.
27  [PROPOSED] JOINT JURY INSTRUCTIONS & VERDICT    404 Legion Way SE Ste 100
    FORM – Page 1 of 32                             Olympia, WA 98501
28                                                  Voice: (360) 352-8004
                                                    Fax: (360) 570-1006

| Number | Title | Source | Page No. | Party |
|--------|-------|--------|----------|-------|
| 1 | Conduct of the Jury | 9th Cir. 1.12 | 4 | Joint |
| 2 | No Transcript Available to the Jury | 9th Cir. 1.13 | 5 | Joint |
| 3 | Taking Notes | 9th Cir. 1.14 | 6 | Joint |
| 4 | Bench Conferences and Recesses | 9th Cir. 1.18 | 7 | Joint |
| 5 | Outline of Trial | 9th Cir. 1.19 | 8 | Joint |
| 6 | Claims and Defenses | 9th Cir. 1.2 | 9 | Plaintiff |
| 7 | Duty of Jury | 9th Cir. 1.1C | 10 | Joint |
| 8 | Burden of Proof – Preponderance of the Evidence | 9th Cir. 1.3 | 11 | Joint |
| 9 | Two or More Parties – Different Legal Rights | 9th Cir. 1.5 | 12 | Joint |
| 10 | What is Evidence | 9th Cir. 1.6 | 13 | Joint |
| 11 | What is Not Evidence | 9th Cir. 1.7 | 14 | Joint |
| 12 | Direct and Circumstantial Evidence | 9th Cir. 1.9 | 15 | Joint |
| 13 | Ruling on Objections | 9th Cir. 1.10 | 16 | Joint |
| 14 | Credibility of Witnesses | 9th Cir. 1.11 | 17 | Joint |
| 15 | Expert Opinion | 9th Cir. 2.11 | 18 | Joint |
| 16 | Duty to Deliberate | 9th Cir. 3.1 | 19 | Joint |
| 17 | Communication with the Court | 9th Cir. 3.2 | 20 | Joint |
| 18 | Return of Verdict | 9th Cir. 3.3 | 21 | Joint |
| 19 | Section 1983 Claim – Introductory Instruction | 9th Cir. 9.1 | 22 | Joint |
| 20 | Section 1983 Claim Against Defendant in Individual Capacity – Elements and Burden of Proof – Richard D. Malidore | 9th Cir. 9.2 | 23 | Joint |
| 21 | Section 1983 Claim Against Defendant in Individual Capacity – Elements and Burden of Proof – Elizabeth W. Earp | 9th Cir. 9.2 | 24 | Joint |
| 22 | Section 1983 Claim Against Defendant in Individual Capacity – Elements and Burden of Proof – James P. Williams | 9th Cir. 9.2 | 25 | Joint |

[PROPOSED] JOINT JURY INSTRUCTIONS & VERDICT FORM – Page 2 of 32

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

| 26 | Causation | 9th Cir. 9.8 | 26 | Joint |
|----|-----------|--------------|----|-------|
| 27 | Damages – Proof | 9th Cir. 5.1, 5.2, *Gibson v. County of Washoe* | 27 | Joint |
| 28 | Nominal Damages | 9th Cir. 5.6 | 28 | Joint |
| 29 | Damages – Mitigation | 9th Cir. 5.3 | 29 | Joint |
|    | Verdict Form |              | 30-31 | Joint |

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 1

CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

9th Circuit Model Civil Jury Instruction 1.12 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 2

NO TRANSCRIPT AVAILABLE TO THE JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

9th Circuit Model Civil Jury Instruction 1.13 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 3

TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

9th Circuit Model Civil Jury Instruction 1.14 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 4

BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

9th Circuit Model Civil Jury Instruction 1.18 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 5

OUTLINE OF TRIAL

Trial proceed in the following way: First each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

9th Circuit Model Civil Jury Instruction 1.19 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 6

CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that on April 9, 2008, while being detained at the Pierce County Jail, defendants Richard D. Malidore, Elizabeth W. Earp, and James P. Williams, while acting in the performance of their official duties as Pierce County Sheriff's Office corrections officers, did violate plaintiff Kristine M. Neidinger's Fourth amendment rights by using excessive force, and as a result plaintiff suffered damages. The plaintiff has the burden of proving these claims.

The defendant denies those claims and also contends that plaintiff failed to use reasonable efforts to mitigate damages. The defendant has the burden of proof on that affirmative defense.

9th Circuit Model Civil Jury Instruction 1.2 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 7

DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

9th Circuit Model Civil Jury Instruction 1.1C (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 8

BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

9th Circuit Model Civil Jury Instruction 1.3 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 9

TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

9th Circuit Model Civil Jury Instruction 1.5 (2007).

[PROPOSED] JOINT JURY INSTRUCTIONS & VERDICT FORM – Page 12 of 32

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 10

WHAT IS EVIDENCE

The evidence you are to consider in deciding what facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers have agreed.

9th Circuit Model Civil Jury Instruction 1.6 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 11

WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have the duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes tesitmony and exhibits are received only for a limited purpose; when I give or have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

9th Circuit Model Civil Jury Instruction 1.7 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 12

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9th Circuit Model Civil Jury Instruction 1.9 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 13

RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

9th Circuit Model Civil Jury Instruction 1.10 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 14

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend upon the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case and any bias or prejudice;

5.   whether other evidence contradicted the witness's testimony;

6.   the reasonableness of the witness's testimony in light of all of the evidence; and

7.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend upon the number of witnesses who testify about it.

9th Circuit Model Civil Jury Instruction 1.11 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 15

EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

9th Circuit Model Civil Jury Instruction 2.11 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 16

DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach an agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

9th Circuit Model Civil Jury Instruction 3.1 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 17

COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

9th Circuit Model Civil Jury Instruction 3.2 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 18

RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

9th Circuit Model Civil Jury Instruction 3.3 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 19

SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION

The plaintiff brings her claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

9th Circuit Model Civil Jury Instruction 9.1 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 20

SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY –
ELEMENTS AND BURDEN OF PROOF – RICHARD D. MALIDORE

In order to prevail on her § 1983 claim against the defendant Richard D. Malidore, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.  the defendant acted under color of law; and

2.  the acts of the defendant deprived the plaintiff of her particular rights under the United States Constitution as explained later in these instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under Instruction 24, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

9th Circuit Model Civil Jury Instruction 9.2 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 21

SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY –
ELEMENTS AND BURDEN OF PROOF – ELIZABETH W. EARP

In order to prevail on her § 1983 claim against the defendant Elizabeth W. Earp, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law; and

2. the acts of the defendant deprived the plaintiff of her particular rights under the United States Constitution as explained later in these instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under Instruction 24, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

9th Circuit Model Civil Jury Instruction 9.2 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 22

SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY –
ELEMENTS AND BURDEN OF PROOF – JAMES P. WILLIAMS

In order to prevail on her § 1983 claim against the defendant James P. Williams, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.  the defendant acted under color of law; and

2.  the acts of the defendant deprived the plaintiff of her particular rights under the United States Constitution as explained later in these instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under Instruction 24, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

9th Circuit Model Civil Jury Instruction 9.2 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 26

CAUSATION

In order to establish that the acts of the defendants deprived the plaintiff of her particular rights under the United States Constitution as explained in earlier instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

9th Circuit Model Civil Jury Instruction 9.8 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 27

DAMAGES - PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants. You should consider the following:

1.   The nature and extent of injuries;

2.   The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future; and

3.   The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

You should not consider any damages not the result of any injury you find was caused by the defendants. You must, however, consider any damages that were the result of the injuries caused by the defendants, even if those injuries aggravated a preexisting condition, and even if the defendants were not aware of that preexisting condition.

9th Circuit Model Civil Jury Instructions 5.1 and 5.2 (2007).
*Gibson v. County of Washoe*, 290 F.3d 1175, 1192-1193 (9th Cir. 2002).

[PROPOSED] JOINT JURY INSTRUCTIONS & VERDICT FORM – Page 27 of 32

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 28

NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

9th Circuit Model Civil Jury Instruction 5.6 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

Instruction No. 29

DAMAGES - MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

    1.   that the plaintiff failed to use reasonable efforts to mitigate damages; and

    2.   the amount by which damages would have been mitigated.

9th Circuit Model Civil Jury Instruction 5.3 (2007).

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

1

Hon. Ronald B. Leighton

2

3

4

5                IN THE UNITED STATES DISTRICT COURT

6           FOR THE WESTERN DISTRICT OF WASHINGTON

7
KRISTINE M. NEIDINGER,              ) NO. C10-5702-RBL
8                                       )
        Plaintiff,                  ) [PROPOSED] VERDICT FORM
9                                       )
v.                                      )
10                                      )
ELIZABETH WYATT EARP; RICHARD       )
11   D. MALIDORE and LOIS K. MALIDORE )
    and the marital community thereof; and )
12   JAMES PATRICK WILLIAMS and     )
    REBEKAH J. WILLIAMS and the marital )
13   community thereof,              )
                                        )
14                                      )
        Defendants.                 )
15                                      )
    _____

16

17   We, the jury, answer the questions submitted by the Court as follows:

18   QUESTION NO. 1:     Did Defendant Richard D. Malidore deprive Plaintiff Kristine M.
                        Neidinger of her Fourth Amendment rights by using excessive force?
19
    Answer "Yes" or "No."
20
    ANSWER:          ☐ Yes          ☐ No
21

22   QUESTION NO. 2:     Did Defendant Elizabeth W. Earp deprive Plaintiff Kristine M.
                        Neidinger of her Fourth Amendment rights by using excessive force?
23
    Answer "Yes" or "No."
24
    ANSWER:          ☐ Yes          ☐ No
25

26

27   [PROPOSED] JOINT JURY INSTRUCTIONS & VERDICT       FT Law, P.S.
                                                        404 Legion Way SE Ste 100
    FORM – Page 30 of 32                                Olympia, WA 98501
28                                                      Voice: (360) 352-8004
                                                        Fax: (360) 570-1006

QUESTION NO. 3:   Did Defendant James P. Williams deprive Plaintiff Kristine M. Neidinger of her Fourth Amendment rights by using excessive force?

Answer "Yes" or "No."

ANSWER:            □ Yes          □ No

*Do not answer the following questions—Nos. 4 and 5—unless you have answered "Yes" to Question No. 1, Question No. 2, and/or Question No. 3.*

QUESTION NO. 4:   What damages were caused by either Defendants Richard D. Malidore, Elizabeth W. Earp, and/or James P. Williams?

ANSWER:            $ _____

QUESTION NO. 5:   Did Plaintiff Kristine M. Neidinger fail to use reasonable efforts to mitigate damages?

Answer "Yes" or "No."

ANSWER:            □ Yes          □ No

*Do not answer the following question—No. 6—unless you have answered "Yes" to Question No. 5.*

QUESTION NO. 6:   What damages would have been mitigated had Plaintiff Kristine M. Neidinger used reasonable efforts to mitigate damages?

ANSWER:            $ _____

        VERDICT returned this ___ day of _____, 2012.

                                        _____
                                        Presiding Juror

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 7, 2012 I electronically filed the foregoing

[PROPOSED] JOINT JURY INSTRUCTIONS & VERDICT FORM with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the following:

Michelle Luna-Green, Attorney for Defendants at mluna@co.pierce.wa.us

DATED this 7th day of September, 2012.

  /s/ Christopher Taylor
Christopher Taylor
Attorney for Plaintiff
Washington State Bar Number 38413
email: taylor@ftlawps.com

[PROPOSED] JOINT JURY INSTRUCTIONS & VERDICT
FORM – Page 32 of 32

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006