Hon. Ronald B. Leighton

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| KRISTINE M. NEIDINGER, | ) | NO. C10-5702-RBL |
| | ) | |
| Plaintiff, | ) | PLTAINTIFF'S PROPOSED |
| | ) | JURY INSTRUCTIONS |
| v. | ) | |
| | ) | |
| ELIZABETH WYATT EARP; RICHARD D. MALIDORE and LOIS K. MALIDORE and the marital community thereof; and JAMES PATRICK WILLIAMS and REBEKAH J. WILLIAMS and the marital community thereof, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

_____

DATED this ___ day of _____, 2012.

_____
Christopher Taylor, WSBA # 38413
Attorney for Plaintiff

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS – Page 1 of 6

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

| Number | Title | Source | Page No. | Party |
|---|---|---|---|---|
| 23 | Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive Force | 9th Cir. 9.22, *Headwaters Forest Defense v. County of Humboldt* | 4 | Plaintiff |
| 24 | Severity of Crime of Malicious Mischief | TMC 8.44.130; RCW 9A.48.090, 9.94A.030(33), (54), 10.99.020 | 5 | Plaintiff |
| 25 | Integral Participation | *Boyd v. Benton County* | 6 | Plaintiff |

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS – Page 2 of 6

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

[Plaintiff's Proposed] Instruction No. 23

PARTICULAR RIGHTS – FOURTH AMENDMENT – UNREASONABLE SEIZURE OF PERSON – EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a corrections officer uses excessive force in restraining another, or in defending himself, herself, or others. Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officers used excessive force when they used force upon plaintiff in placing her in restraints while in the individual booking cell.

Under the Fourth Amendment, a corrections officer may use only such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

1. The severity of the crime or other circumstances to which the officers were responding;

2. Whether the plaintiff posed an immediate threat to the safety of the officers or to others;

3. Whether the plaintiff was actively resisting *continued detention* or attempting to evade *continued detention* by flight;

4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used;

6. The availability of alternative methods to subdue the plaintiff; and

7. *Whether the plaintiff posed an immediate threat to the safety of herself.*

*Where there is no need for force, any force used is constitutionally unreasonable.*

9th Circuit Model Civil Jury Instruction 9.22 (2007).
*Headwaters Forest Defense v. County of Humboldt*, 240 F.3d 1185, 1199 (9th Cir. 2000).

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS – Page 3 of 6

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

[Plaintiff's Proposed] Instruction No. 24

SEVERITY OF CRIME OF MALICIOUS MISCHIEF

Malicious mischief in the third degree, domestic violence is a nonviolent misdemeanor.

TMC 8.44.130; RCW 9A.48.090, 9.94A.030(33), (54), 10.99.020.

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS – Page 4 of 6

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

[Plaintiff's Proposed] Instruction No. 25

INTEGRAL PARTICIPATION

Even if an officer's actions do not independently constitute excessive force, that officer may be liable for excessive force used against another person if that officer was an integral participant to that use of force. An officer is an integral participant if he participated in some meaningful way in that use of force, was aware of the force to be used, and did not object to it.

*Boyd v. Benton County*, 374 F.3d 773 (9th Cir. 2004).

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS – Page 5 of 6

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2012 I electronically filed the foregoing PLAINTIFF'S PROPOSED JURY INSTRUCTIONS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michelle Luna-Green, Attorney for Defendants at mluna@co.pierce.wa.us

DATED this 7th day of September, 2012.

                                                /s/ Christopher Taylor
                                                Christopher Taylor
                                                Attorney for Plaintiff
                                                Washington State Bar Number 38413
                                                email: taylor@ftlawps.com

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS – Page 6 of 6

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006