Hon. Ronald B. Leighton

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NEIDINGER, KRISTINE M., | ) NO. C10-5702-RBL |
| Plaintiff, | ) <br> ) PLAINTIFF'S RESPONSE TO DEFENDANTS' <br> ) MOTIONS IN LIMINE |
| v. | ) |
| EARP, ELIZABETH W., et al., | ) Motion Noted for Consideration: <br> ) September 14, 2012 |
| Defendants. | ) <br> ) <br> ) |

1. MOTION TO EXCLUDE DISCIPLINE RECORDS AND PERSONNEL FILES.

Plaintiff is not planning on seeking to introduce internal affair investigations regarding any named Defendant.

2. MOTION TO PREVENT PLAINTIFF FROM TESTIFYING REGARDING HER INJURIES.

Plaintiff will testify regarding her injuries based upon personal knowledge. Plaintiff is not being proffered as her own expert witness Plaintiff does not have formal medical training. Therefore, Plaintiff will not be testifying as a medical expert with respect to causation.

However, Defendants' motion requests too much. A lay witness may testify "in the form of opinion" if it is "rationally based upon the witness's perception," is "helpful to clearly understanding the witness's testimony or to determining a fact in issue;" and is "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. In other words, if a

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS
IN LIMINE – Page 1 of 3

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

witness can describe, for example, the absence of TASER burns, bruises, or other physical injuries in advance of an incident; the presence of those injuries after the incident; and how the incident involved the use of a TASER, punches, and other uses of force; that witness may opine those uses of force caused those injuries.

To the extent Defendants are seeking to prevent Ms. Neidinger from providing legitimate lay witness opinion testimony, their motion should be denied.

3. MOTION TO LIMIT TESTIMONY OF ERNEST BURWELL.

a. Motion to Limit Mr. Burwell from Using Certain Phrases.

Mr. Burwell's anticipated testimony will be limited to that authorized under Fed. R. Evid. 702 in that it will help the jury "understand the evidence or to determine a fact in issue." Defendants have provided no reason the specific phrasing of that testimony should be limited in advance, and therefore Defendants' motion should be denied.

b. Motion to Limit Mr. Burwell from Discussing Pierce County Policy.

See Response to Motion # 4, *infra*.

4. MOTION TO EXCLUDE TESTIMONY REGARDING POLICIES.

Although a law enforcement agency's policies and training materials "are not dispositive, [a finder of fact] may certainly consider [that agency's] own guidelines when evaluating whether a particular use of force is constitutionally unreasonable." *Drummond v. City of Anaheim*, 343 F.3d 1052, 1059 (2003). "[I]t may be difficult to conclude that the officers acted reasonably if they performed an action that had been banned by their department or of whose dangers in these circumstances they had been warned." *Id.* (citing *Gutierrez v. City of San Antonio*, 139 F.3d 441, 449 (5th Cir. 1998)); *see also Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) ("Thus, if a police department limits the use of chokeholds to protect suspects

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE – Page 2 of 3

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006

from being fatally injured...such regulations are germane to the reasonableness inquiry in an excessive force claim.").

Therefore, although Pierce County's policies do not dictate the constitutional constraints imposed by the Fourth Amendment on Defendants' actions, those policies are relevant to the reasonableness inquiry, as well as the qualified immunity inquiry. Therefore, Defendants' motion should be denied.

5. MOTION TO PROHIBIT TESTIMONY REGARDING INSURANCE OR INDEMNIFICATION.

Plaintiff is not planning on seeking to introduce evidence Defendants were or were not insured against liability.

DATED this 10th day of September, 2012.

        /s/ Christopher Taylor
Christopher Taylor
Attorney for Plaintiff
Washington State Bar Association # 38413
email: taylor@ftlawps.com

CERTIFICATE OF SERVICE

I certify that on September 10, 2012, I electronically filed the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE, with attachments, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- Michelle Luna-Green, Attorney for Defendants: mluna@co.pierce.wa.us

        /s/ Christopher Taylor
Christopher Taylor

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE – Page 3 of 3

FT Law, P.S.
404 Legion Way SE Ste 100
Olympia, WA 98501
Voice: (360) 352-8004
Fax: (360) 570-1006